MANHATTAN COMPANY *v.* OSGOOD and others, 3 Cow. 612.

In S. Ct. 15 J. R. 162.

*Evidence; Fraudulent Conveyance; Judgment against Executors.*

THE Supreme Court held in this case, that the conveyance, merely voluntary, by a grantor who was at the time insolvent, was *void*, as respects creditors, and the land conveyed, *assets* in the hands of the *heirs* or *devisees* of the *residuum* of the estate; that, in an action by the creditor against the *heirs or devisees*, where some of them were, also, the executors of the grantor, and had, as executors, petitioned the surrogate for leave to sell the real estate of the grantor, on account of an alleged deficiency of personal assets; their petition was good evidence against *all the defendants to show the insolvency* of the grantor, so as to avoid the conveyance and repel their plea of *riens per descent.*

The Court of Errors held, 1. That the acts or admission of the *executors* were not evidence against *heirs* or *devisees.* 2. That a judgment against the *executors*, is not evidence against the *heirs;* but that to make the *confessions* of one man evidence against another, they must have a *joint interest in possession*, and that the confession of a grantor or of his executors, *after* the grants, are not admissible in evidence to prejudice the rights of the grantee.

Judgment <i>reversed.</i>

---

☞ See *Wood* v. *Genet*, &c., *post*, which grew out of this decision.

---

WOOD *v.* JACKSON *ex dem.* GENET and others, 8 Wend. 9–47.

In S. Ct. 3 Wend. 27, and see opinion of Savage, Ch. J., on motion for new trial after *second verdict* for plaintiff, 8 Wend. 13 *et seq.*

*Ejectment     Estoppel; Reversal of Judgment.*

EJECTMENT for certain premises in the city of New York. The plaintiffs claimed as heirs at law, and grantees of Mrs.